**Slip Op. 06-68**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
FORMER EMPLOYEES OF LANDS' END          :
BUSINESS OUTFITTERS,                    :
                                        :
                    Plaintiffs,         :
                                        :   Court No. 05-00517
          v.                            :
                                        :
UNITED STATES SECRETARY OF LABOR,       :
                                        :
                    Defendant.          :
                                        :
_____ :

**JUDGMENT**

On March 3, 2005, a petition for trade adjustment assistance ("TAA") and alternative trade adjustment assistance ("ATAA") benefits was filed on behalf of the Former Employees of Lands' End Business Outfitters ("Plaintiffs"). On March 25, 2005, Labor issued a negative determination regarding Plaintiffs' eligibility for TAA and ATAA benefits. On April 24, 2005, Plaintiffs filed a request for administrative reconsideration with the United States Department of Labor ("Labor"). A negative determination on reconsideration was then issued by Labor on July 28, 2005. See Notice of Negative Determination, Lands' End, a Subsidiary of Sears Roebuck and Company, Business Outfitters CAD Operations, Dodgeville, Wisconsin, ("Negative Determination") TA-W-56,688 (Dep't Labor July 28, 2005) published at 70 Fed. Reg. 46,190 (Dep't Labor Aug. 9, 2005). In its Negative Determination, Labor found that Plaintiffs did not produce an article within the meaning of Section 222 of the Trade Act of 1974,as amended 19 U.S.C. § 2272 (West Supp. 2004). Plaintiffs then filed a summons and complaint with the Court appearing pro se on September 14, 2005. On December 7, 2005, the Court granted Labor's consent motion for voluntary remand. On March 24, 2006, Labor filed its Notice of Revised Determination on Remand, Lands' End, a Subsidiary of Sears Roebuck and Company, Business Outfitters CAD Operations, Dodgeville, Wisconsin, ("Remand Determination"), TA-W-56,688 (Dep't Labor March 24, 2006) published at 71 Fed. Reg. 18,357 (Dep't Labor Apr. 11, 2006).

In its Remand Determination, Labor stated that it had revised it policy "to acknowledge that, at least in the context of this

case, there are tangible and intangible articles . . ..” <u>Remand Determination</u>, 71 Fed. Reg. at 18,357. Labor determined that Plaintiffs produced an intangible article (digitized embroidery designs) that would have been considered an article if it was "embodied in a physical medium[.]" <u>Id.</u> at 18,357. Labor further determined that "employment at the subject facility declined during the relevant period; that the workers' firm shifted digitized embroidery design production abroad; and that the workers' firm increased imports of articles like or directly competitive with the digitized embroidery designs produced at the subject facility." <u>Id.</u> Labor therefore certified Plaintiffs as being eligible for both TAA and ATAA benefits.

Upon consideration of Labor's <u>Remand Determination</u>, and other papers and proceedings filed herein; it is hereby

**ORDERED** that Labor's decision to certify Plaintiffs to receive TAA and ATAA benefits is supported by substantial evidence and is otherwise in accordance with law; and it is further

**ORDERED** that Labor's <u>Remand Determination</u> filed on March 24, 2006, is affirmed; and it is further

**ORDERED** that this case is dismissed.


                                        /s/ Nicholas Tsoucalas
                                        NICHOLAS TSOUCALAS
                                        SENIOR JUDGE


Dated:    May 9, 2006
          New York, New York